Edward E. Stevens *vs.* Joseph Risley et als.

Third Judicial District, New Haven, June Term, 1914.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

The owner of real estate subject to a first mortgage, sold it, and received therefor the purchaser's note payable on demand with interest "after six months from date," secured by a second mortgage upon the property. As part of the transaction the parties agreed in writing that the vendor and second mortgagee should assist in raising funds to enable the buyer and mortgagor to make certain repairs and improvements upon the premises, which he promised to make, that upon their completion the mortgagee should release his second mortgage so that a larger sum might be secured upon the first mortgage, and that this increase should be divided between them in specified proportions. *Held:*—

1. That it was clearly implied in this agreement that payment of the second mortgage note should not be demanded until the repairs and improvements agreed upon had been made and a larger first mortgage secured,—and that such implication was in harmony with the provision in the note, that no interest was to be called for for six months; and therefore the second mortgagee could not enforce payment of the note, nor foreclose the mortgage securing it, within the six months and while the mortgagor was in good faith making the stipulated improvements and repairs.

2. That an assignee of such note and mortgage who took them with knowledge of this agreement, was bound by its terms and had no greater rights or equities than his assignor in the matter of their enforcement.

Argued June 4th—decided July 13th, 1914.

WRIT OF ERROR to reverse a judgment of the Superior Court in New Haven County, *Tuttle, J.*, rendered in favor of the defendants in an action by the plaintiff to foreclose a mortgage, brought to the Supreme Court of Errors at New Haven within and for the third judicial district on the first Tuesday of June, 1914. *Nothing erroneous; writ of error dismissed.*

*George E. Beers* and *L. Russell Carter*, for the plaintiff.

*Walter J. Walsh* and *Charles J. Martin*, for the defendants.

THAYER, J. The plaintiff in error, as assignee of a note and mortgage given by the defendant in error to one Cables, brought his action to the Superior Court to foreclose the mortgage. It was not denied upon the trial that the note and mortgage were given by the defendant to Cables, that they had been assigned to the plaintiff, and that they had not been paid. Admitting, by not denying, these facts, the defendant, as a second defense, alleged that the plaintiff had received the interest on the mortgage note to a date subsequent to the date of bringing the action for foreclosure, without reserving the right to bring suit upon the note prior to the date to which interest was paid; and also that the plaintiff took the assignment with full knowledge of an agreement, which appears in the record, between the defendant and Cables, the mortgagee, and that the defendant was at work carrying out the agreement at the time the suit was brought. The reply admitted that the plaintiff had knowledge of the agreement at the time he purchased the assignment.

The agreement, of the same date as the note and mortgage, provides that if Risley "shall overhaul the Grand Avenue property, this day deeded by Cables to

Risley, converting the main building situated on said Grand Avenue, at the corner of South Front Street, in said New Haven, converting to consist of putting the stores in order, and making tenement rooms on second and third floors, and generally repairing what is necessary in both buildings to make them rentable, that he the said Cables will assist the said Risley to obtain credit for some of the material for the said repairs when necessary, and to release the second mortgage so that a larger first mortgage can be obtained on said premises, Risley to receive up to $2,500 of the increase of the first mortgage, and the balance of the said increase to be applied to his credit on the second mortgage, Cables to pay the interest on first mortgage, due July 1, 1913, and to collect the rents due at that time, to all of this we both agree." The note, dated June 20th, 1913, reads, so far as material here: "On demand for value received, I promise to pay to Cornelius H. Cables or order, fourteen thousand dollars with interest, after six months from date, at six per cent per annum payable semi-annually."

The judgment-file sets out the facts upon which the court founded its judgment (and many other facts more appropriate to a finding for appeal than a judgment-file), and it shows that at the time the assignment was made, August 21st, 1913, Risley was engaged in good faith in carrying out his part of the agreement. It appears also, among the facts set forth in the judgment-file, that the plaintiff secured a reduction in the purchase price to be paid for the assignment, because of the interest stipulation contained in the note, and that this was sufficient to prevent a demand either of interest or principal of the note until December 20th, 1913, the end of the six months' period. It appears, also, that the plaintiff made demand for the payment of the note on September 22d, 1913, and brought the action for fore-

closure two days later. The court found that the action was prematurely brought, and rendered judgment for the defendant.

The plaintiff in error has seized upon the court's finding that an allowance was made for interest, and insists that the court's finding that the suit was prematurely brought rests upon its conclusion that this was enough to preclude a demand before the end of six months from the date of the note. This does not meet the entire situation, but leaves unanswered the fact, alleged and established, that the plaintiff was bound by the agreement of Cables so far as that postponed the time for demanding payment of the note. If it were to be granted that the court was wrong in its conclusion in the respect claimed, still the record shows, as we think, that the suit was prematurely brought.

It is apparent that the giving of the note and mortgage and the agreement between the defendant in error and Cables on June 20th were but a single transaction. It appears clearly on the papers that Cables had sold the defendant in error an equity of redemption in the Grand Avenue property, the buildings upon which required repairs and remodeling to fit them for new purposes which would make them more rentable. It required time to make these repairs and they would be an expense. They would make the property better mortgage security. The note and agreement were adapted to give Risley the time to make the repairs, and Cables agreed to help him raise additional money on the first mortgage, a part of which he was to retain and a part was to go to Cables to apply on the second mortgage. There was a clear understanding, implied in the agreement, that the second mortgage should not be demanded until the repairs and improvements were made and a larger first mortgage secured. The note accords with the agreement in this, for admittedly no

interest was to be called for for six months, and the defendant claims that by a proper construction of the language of the note the principal was not demandable until after six months. We do not find it necessary to adopt this construction. Assuming that it was by its face demandable at an earlier period, the agreement signed at the same time implies an agreement to forbear making demand if Risley performed his part of the agreement and made the repairs. This was enough to prevent Cables making demand so long as Risley was performing, and the fact that interest was to be forborne for six months indicates that the parties understood that this time would be required for making the repairs.

The agreement between Cables and Risley was not a part of the note and mortgage, and had the plaintiff taken his assignment in ignorance of the agreement he would not have been bound by it. As a bona fide holder of these he would not have been affected by the equities which existed as between Risley and Cables. But he admits in his reply that he had knowledge of the existence of the agreement, and the judgment-file contains a finding by the court that he knew that Risley had made repairs and performed services in carrying it out. He was thus placed in the position of Cables, of whom he purchased the note and mortgage with this knowledge. The latter would be estopped, in the equitable proceeding to foreclose the mortgage, to claim the right to enforce the payment of the note in face of his agreement to forbear demand and collection until the improvements were made and an increased first mortgage could be obtained.

It is claimed in behalf of the plaintiff in error that it appears from the record that the judgment was not rendered until after the date when, according to the reading of the note, interest would be payable, and that

as the proceeding was an equitable one the court should have taken notice of this fact and given effect to the terms of the note by its judgment. But it does not appear that equity would have been done by simply disallowing interest to December 20th, and rendering judgment allowing interest from that date. It appears that the plaintiff caused a receiver of the mortgaged property to be appointed, who collected the rents pending suit, thus taking the property from the possession of the defendant in error. It may be that he was thus deprived of any opportunity to complete his contract as well as being deprived of his rents. Upon the record nothing erroneous appears in the judgment before us.

The writ of error is dismissed with costs to the defendant.

In this opinion the other judges concurred.